IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| Felipe Perez-Perez, | ) | C/A No.: 3:16-cv-00748-RJC-DSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Lori Scialabba, Acting Director, United States Citizenship and Immigration Services, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR ATTORNEYS' FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUDGMENT ACT

Sitting *en banc*, the United States Court of Appeals for the Fourth Circuit reversed and remanded this case on February 10, 2020. ECF No. 28. On April 29, 2020, this Court remanded this case the Defendant ("the Agency") for reconsideration. ECF No. 32. The Agency has not sought to stay these judgments. But it has wholly ignored them. To date, the Agency has taken no action on Felipe's petition (which is the subject of a contemporaneously filed motion to enforce judgment). Regardless, the Fourth Circuit's decision—the culmination of three years of litigation—renders Plaintiff ("Felipe") a prevailing party. Because the Agency's position was substantially unjustified, Felipe now seeks his reasonable attorneys' fees and costs for this litigation. For the reasons below, this Court should award Felipe a total of $86,535.42.

1

## FACTS

Felipe Perez is a citizen and national of Guatemala. *Perez Perez v. Cuccinelli*, 949 F.3d 865, 867 (4th Cir. 2020). He was abused and abandoned by his parents, and he traveled to the United States unaccompanied at the age of 16. Eventually, he would apply for special immigrant juvenile ("SIJ") status. *Id.* But the Agency denied his application initially and after an administrative appeal because the underlying, predicate custody order was "expressly temporary in nature and does not make a finding that reunification with one or both parents is permanently not viable." *Id.* at 871.

Felipe then filed a suit in this Court under the Administrative Procedure Act, challenging the Agency's "permanency" rule as unlawful and *ultra vires*. ECF No. 1. The Agency filed an administrative record and the parties filed cross motions. ECF Nos. 12, 16, 17,18. In its cross-motion for summary judgment, the Agency argued that it did not impose a "permanency" requirement. ECF No. 16-1 at 12. Despite the clear language of the Agency's final decision, the Agency argued the basis for its denial was that the non-viability of re-unification had to be permanent or final, despite the Agency's own position in its manual. *Id.* The Agency also refused to address *Ojo v. Lynch*, 813 F.3d 533 (4th Cir. 2016). In *Ojo*, the Fourth Circuit identified the proper analytical structure and burdens to address a situation where the Immigration and Nationality Act relies on state domestic relations law. *Id.* Though the Agency cited it once in its cross motion, it did not admit its significant import on the case. This Court eventually granted the Agency's motion for summary judgment and denied Plaintiff's motion, but Felipe appealed.

At the Fourth Circuit, Felipe raised the same claims and the Agency raised the same defenses: (1) the denial did not apply a permanency rule; and (2) *Ojo* did not control. *Perez v. Cuccinelli*, No. 18-1330, ECF No. 14 (4th Cir.). The case was fully briefed and went to oral

argument. The panel opinion adopted the Agency's misleading argument about the basis of the challenged denial. *Id.* at ECF No. 14.

Felipe petitioned for re-hearing *en banc*. ECF No. 30. The court granted the petition, the parties filed supplemental briefs, and the *en banc* court held argument. ECF No. 57. After argument the Fourth Circuit reversed the panel opinion. The *en banc* opinion makes clear that the Agency's basis for the denial was that it required a permanent custody order and it relied heavily on *Ojo* for the analytical structure and standard of review. The majority of the Court—9 judges in all—held the Agency's permanency requirement was *ultra vires*, and remanded the case with instructions to this Court to set aside the decision and remand it to the Agency for reconsideration. *Perez Perez*, 949 F.3d at 881. On April 29, 2020, this Court entered the Fourth Circuit's Order and entered judgment. The Agency has wholly ignored this order to date.

## ARGUMENT

Plaintiff are entitled to reasonable attorneys' fees under EAJA. EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see also Crawford v. Sullivan,* 935 F.2d 655, 656 (4th Cir. 1991). The eligibility requirements for an award of fees under the EAJA are (1) that the claimant is a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the claimant timely filed his petition supported by an itemized statement. For the reasons below, this Court should award Plaintiff reasonable attorneys' fees and costs of $86,535.42.

3

## I. This motion is proper in this Court.

Plaintiff files this motion in this Court because this case originated in this Court and it was remanded to this Court for entry of the final judgment. There is no binding precedent in this Circuit on where to file an application for attorneys' fees under the Equal Access to Judgment Act but a majority of courts indicate a preference for district courts to adjudicate fee requests that include appellate fees. *See, e.g., Foster v. Mydas Assocs., Inc.*, 943 F.2d 139, 144-45 (1st Cir. 1991) (noting that determination of fee award by appellate court in first instance would usurp trial court function); *McDonald v. Secretary of Health and Human Services*, 884 F.2d 1468, 1481 (1st Cir. 1989) ("Plaintiffs may also apply to the district court for attorneys' fees reasonably incurred in connection with the present appeal.") (footnote omitted); *Garcia v. Schweiker*, 829 F.2d 396, 398 (3d Cir. 1987) (reiterating the district court should set the fees for work in both courts when representation in each was required) (citation omitted); *Smith v. Detroit Bd. of Educ.*, 728 F.2d 359, 360 (6th Cir. 1984) (per curiam) (district court more appropriate forum to award fees incurred in appeal); *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 588-91 (9th Cir. 1984) (remanding to district court to reconsider award of attorney fees for appellate work); *Aspen Highlands Skiing Corp. v. Aspen Skiing Co.*, 738 F.2d 1509, 1527 (10th Cir. 1984) (antitrust action remanded to district court to award appropriate attorney fees for appellate work), aff'd, 472 U.S. 585 (1985). *See also Spell v. McDaniel*, 852 F.2d 762, 766 (4th Cir. 1988) (reviewing district court award of fees for appellate work under § 1988); *Perkins v. Standard Oil Co.*, 399 U.S. 222 (1970) (stating that the amount of attorneys' fee award for appellate services under § 4 of the Clayton Act "should, as a general rule, be fixed in the first instance by the

4

District Court, after hearing evidence as to the extent and nature of the services rendered").[1] As such, this Court is the proper forum for this motion.

## *II.     This motion is timely.*

Plaintiff's application is timely. The EAJA statute requires that the successful litigant file the fee application within 30 days of "final judgment" in the action. 28 U.S.C. § 2412(d)(1)(B). A "final judgment" means a judgment that is final and not appealable and that it includes an order of settlement. 28 U.S.C. § 2412(d)(2)(G). Thus, a motion for fees must be filed within 30 days after the expiration of time for filing an appeal petition for certiorari. Typically, a petition for certiorari is due within 90 days of the en banc decision. Sup. Ct. R. 13(1), and therefore, the 30 day period for seeking fees would start 90 days after the Circuit's Courts' decision. However, in light of the COVID-19 Pandemic, the Supreme Court extended this 90 day deadline to 150 days. *See* Order (March 19, 2020) (available at https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf (last visited August 7, 2020).

Here, the Fourth Circuit issued its decision on February 10, 2020. ECF No. 29. Thus, the Agency's petition for certiorari, in light of the Court's extension, was due on or by Thursday, July 9, 2020. Thus, Plaintiff's 30 day period to file for EAJA ends on Saturday, August 8, 2020.

---

[1] To the extent this Court disagrees, we would request that this Court transfer this petition to the United States Court of Appeals for the Fourth Circuit for consideration because some courts find that both courts can hear these petitions. *Martin v. Heckler*, 754 F.2d 1262, 1265 n.6 (5th Cir. 1985) ("In some cases, applications for fees and expenses should be considered in the district court in the first instance. In others, we may consider them first.") (citations omitted); *Ekanem v. Health & Hosp. Corp.*, 778 F.2d 1254, 1257 (7th Cir. 1985) ("our research reveals that a petition on entitlement to appellate attorneys fees may be filed in either the district court or the court of appeals"). *Accord* 11th Circuit R. 39-2 (e) (permitting attorneys fees request to be filed in district court in lieu of court of appeals where appeal resulted in remand for further proceedings).

Because the Agency did not file a petition for certiorari and Plaintiff is filing this motion on August 7, 2020, it is timely.

### III. *Plaintiff is a prevailing party.*

Felipe is a prevailing party. EAJA is an exception to the traditional "American Rule," which requires the parties to litigation bear their own respective costs. *See Buckhannon Board & Care Home v. W.V. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001); See Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 274 (4th Cir. 2002).To qualify for this exception, inter alia, a plaintiff must be a "prevailing party," defined as "one who has been awarded some relief by the court." *See* 532 U.S. at 603; s*ee Goldstein v. Moatz*, 445 F.3d 747, 751 (4th Cir. 2006) (applying *Buckannon's* definition of prevailing party in the EAJA context). Qualifying relief includes "enforceable judgments on the merits and court-ordered consent decrees create," both of which include "the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Id.* at 604 (internal quotation marks omitted); *see also Smyth*, 282 F.3d at 281.

Despite the Agency having taken no action on Felipe's denied SIJ application, he remains a prevailing party. The Fourth Circuit entered an *en banc* order invalidating the Agency's permanency rule, reversing the lower court's decision, and remanding the case with instructions to set aside the Agency's denial. This effected an enforceable judgment on the merits, which Plaintiff is now seeking to enforce in this Court. And it effected a material change in the legal relationship as the Agency's denial is not set aside, and it cannot apply its permanency rule to Felipe's application (or any others in this Circuit).

### IV. The Agency's position was substantially unjustified.

The Agency's position was not substantially justified. Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ("A request for attorney's fees should not result in a second major litigation."). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The governments non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." *Id.*; *see also Adams v. Barnhart*, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified.").

Here, the Agency's position was unjustified in law and fact. First, its primary argument mis-read its own decision. The Agency's final agency action denied Felipe SIJ status because his underlying custody order was not permanent. Despite the clear phrases in that decision that state and restate its rationale, the Agency based its defense on its position that the permanency of the underlying custody order had nothing to do with the denial. This is an unreasonable factual position. Similarly, the Agency's legal position ignored wholly binding precedent in *Ojo*. The Agency pushed positions that contravened *Ojo's* analytical structure and holdings. This is an

7

unreasonable legal position. The sum of the Agency's argument is that it "def[ied] the plain language of the SIJ provision." *Perez Perez*, 949 F.3d at 876. The Agency's defense of such decision was substantially unjustified.

## V. *No special circumstances preclude an award.*

The Special Circumstances provision of the EAJA is designed to serve as a safety valve. As the legislative history of the EAJA confirms, "'[t]his 'safety' valve helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of law that often underlie vigorous enforcement efforts. It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made.'" *Nken v. Holder*, No. 08-1813, 385 Fed. Appx. 299, 302 (4th Cir. June 24, 2010) (quoting H.R. Rep. No. 96-1418, at 11 (1980)). No special circumstances preclude an award of fees to Felipe. Rather, they mitigate in favor of such an award. Felipe proceeded in this case in forma pauperis. Thus, it is clear he meets the financial threshold. As such, the Felipe is qualified to seek fees.

## VI. *Plaintiff are entitled to an enhanced hourly rate.*

Felipe is entitled to an enhanced hourly fee. Under § 2412(d)(2)(A), "fees and other expenses" that may be awarded to a prevailing party in a civil action against the government must be "reasonable." 28 U.S.C.A. § 2412(d)(2)(A)(ii) (internal quotation marks omitted). The statute also provides a maximum hourly rate that can be awarded. Specifically, Congress provided that:

> the amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, *except* that . . . attorney fees shall not be awarded in excess of $ 125 per hour unless the court determines *that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.*

*Id.* (emphasis added). To qualify for the latter enhancement for "limited availability of qualified attorneys for the proceedings involved," the prevailing party must demonstrate that their "attorneys had some distinctive knowledge or specialized skill needful for the litigation in question -- as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation." *Hyatt v. Barnhart*, 315 F.3d 239, 249 (4th Cir. 2002). Immigration may qualify as distinctive knowledge or a specialized skill for an enhanced rate. *Id.* at 250. The hourly rate can also be enhanced by an increase by the cost of living. *See Mitchum v. Ashtrue,* 586 F. Supp. 2d 424, 426 (D.S.C. 2007) (describing the formula for the cost of living increase).

Here, Plaintiff seeks a cost of living increase in fees for both litigation attorneys (Andres Lopez and Brad Banias), and Plaintiff seeks a specialized skill enhancement for Attorney Brad Banias. First, based on the formula approved by this Court in *Mitchum* using current numbers, the Plaintiff seek $207.10 per hour for both Attorneys. Plaintiff arrives at this by multiplying $125.00 per hour times the ratio of 257.97 divided by 155.7 equals a cost of living increase to $207.10 per hour. *See, e.g., Mitchum*, 586 F. Supp. 2d at 426. The 155.7 figure reflects the CPI-U at the time of the $125 figure in EAJA, and the 257.97 figure is from the CPI-U from January 2020. *See BLS News Release*, January 2020 Consumer Price Index (available at https://www.bls.gov/news.release/pdf/cpi.pdf (last visited August 8, 2020)). Because this follows the calculation in *Mitchum*, simply with updated numbers, this Court should at a minimum increase the hourly fee to $207.10.

Second, the Plaintiff seek an enhanced fee of $385 per hour for Mr. Banias for a specialized skill in federal court immigration litigation. Mr. Banias has a unique background and training that qualify him for an enhancement. Banias Resume (attached as Ex. A). First, in addition to his *juris doctor*, Mr. Banias acquired an LL.M. degree from Columbia Law School,

9

where he focused his studies on the confluence of immigration law and federal courts. During his more focused studies, he published a paper on a topic in that discipline related to challenges to indefinite mandatory detention for foreign nationals in removal proceedings. *Id.*

Second, after Columbia, Mr. Banias worked with the Civil Division in the United States Department of Justice's Office of Immigration Litigation – District Court Section. During his three years at main Justice, Mr. Banias trained under the top federal court immigration litigators in the country and litigated in federal district and circuit courts throughout the United States. In the fall of 2013, when he left main justice, Mr. Banias became one of the first to leave that office—that office only started in approximately 2007—and begin to litigate in this context for private clients. From 2013 to today, Mr. Banias is one of the most prolific federal court immigration litigators in the United States and certainly in South Carolina. A quick review of PACER reveals that Mr. Banias has been involved in at least 148 unique actions in federal district courts around the United States. Banias PACER Report (attached as Ex. B). This list does not include the appeals he has handled and is handling in the United States Courts of Appeals for the 2nd, 4th, 5th, 9th, 11th, and DC Circuits. All of these cases focus on federal court immigration litigation. Mr. Banias is a regular speaker on the topic of federal court immigration litigation throughout the United States. *See* Banias Resume. On June 9, 2020, the American Immigration Lawyers Association awarded Mr. Banias's firm with the 2020 Jack Wasserman Memorial Award for federal court immigration litigation. *See* https://www.aila.org/about/annual-awards#wasserman (last visited August 7, 2020). This is a national award from the most prestigious immigration trade group in the United States.

Finally, Mr. Banias has attached letters from a federal court litigator with experience doing appellate work in the United States Court of Appeals for the Fourth Circuit who live in

10

Case 3:16-cv-00748-RJC-DSC    Document 35    Filed 08/07/20    Page 10 of 14

Charleston, South Carolina. Letter (attached as Ex. C). According to Mrs. Blazer, there are very few immigration attorneys in Charleston that can handle federal court immigration litigation, and it is common to charge $385 an hour for civil federal court litigation, especially appeals. *Id.*

Simply said, Mr. Banias has formal, specialized education, unique experience, and a focused, niche practice in this field. He is the type of attorney congress intended to receive an enhanced fee. Further, this case required such specialized training and experience. It is telling that the Department of Justice used an attorney from the U.S. Department of Justice's Civil Division – Office of Immigration Litigation, which is the government's specialized office for defending these cases. If this was not a specialized case, there would have been no need to utilize the specialized defense attorneys. However, this case, unlike a petition for review of a removal order, requires knowledge and experience in administrative and immigration law. Mr. Banias teaches both to law students, and this case required a high skill level in both. As such, this Court should enhance the hourly rate for Mr. Banias to $385.00 per hour.

### VII. Plaintiff are entitled to a fee award of $86,535.42.

The broad definition of "fees and other expenses" in the EAJA indicates, without much doubt, that Congress intended to award a wide range of fees and expenses to the prevailing party in litigation with the government, unless one of the exceptions applies. Thus, the EAJA authorizes the reimbursement of fees for persons conducting studies, doing analyses, or issuing reports, as well as for attorneys' fees. And consistent with this manifested intent, we have held that the statute's authorization for reimbursement of attorneys' fees includes authorization for reimbursement for work performed not only by attorneys but also by persons doing "tasks traditionally performed by an attorney and for which the attorney would customarily charge the client," regardless of whether a licensed attorney, paralegal, or law clerk performed them. *Hyatt*

*v. Barnhart*, 315 F.3d 239, 255, 43 Fed. Appx. 634 (4th Cir. 2002); see also *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (holding that the term "attorneys fees" includes "fees for paralegal services").

Here, Plaintiff have attached detailed time sheets organized as follows. Time Sheets and Receipts (attached as Ex. D). There are separate time sheets for Mr. Lopez and Mr. Banias. These time sheets all include only tasks that qualify for EAJA fees as the work traditionally performed by an attorney. Based on these contemporaneously kept—and subsequently cleaned up—time records, Mr. Banias seeks reimbursement for 285.5 hours of work for the two years of litigation he directed during this case and its appeal. Plaintiff seek reimbursement for 66.1 hours of work for Ms. Nodine during this case. Based on the enhanced hourly rates, therefore, Plaintiff seek the following fees:

**Banias: $385 per hour x 189.3 hours =**     **$72,880.50**

**Fields: $207.10 per hour x 59 hours =**     **$12,218.90**

                               **Total:**     **$85,099.40**

Plaintiffs also seek the travel costs and expenses for Mr. Banias's two trips to Richmond, Virginia, for oral argument. It is 424 miles from Charleston, SC Virginia for oral argument. Mr. Banias roundtrip (848) miles per trip. The mileage reimbursement in October 2018 was 54.5 cents and in September 2019 was 58. *See* https://www.irs.gov/tax-professionals/standard-mileage-rates (last visited Aug. 7, 2020). This is a total of 462.16 plus 491.84 for a sum of $954.00. Mr. Banias also had to stay in a hotel on each trip. He has attached those receipts, which total $482.02. Ex. D. This amount totals: $86,535.42. Richmond in It is h and scope of the case. This is a reasonable amount of time for the result acquired.

# CONCLUSION

For these reasons, Plaintiff request that this Court enter an order requiring Defendant to pay Plaintiff $86,535.42 in reasonable attorney's fees and costs for three years of litigation, resulting in a decision in his favor, though the Agency has taken no action on it to date.

August 7, 2020

Respectfully submitted,

s/Bradley B. Banias
BRADLEY B. BANIAS
Attorney
Wasden Banias, LLC
1037 Chuck Dawley Boulevard, Suite D100
Mount Pleasant, South Carolina 29464
11585bb
SC Bar No. 76653
P: 843.410.9340
Email: brad@wasdenlaw.com

Appearing Pro Hac Vice

s/Andres Lopez
ANDRES LOPEZ
The Lopez Law Firm, PLLC
5701 Executive Center Drive, Suite 102
Charlotte, North Carolina 28212
P: 704.568.9228
F: 704.568.9449
Email: alopez@lopezcarolinas.com

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I declare that I filed the foregoing on the court's electronic filing system, which forwarded an electronic copy to counsel for all parties.

August 7, 2020

Respectfully submitted,

s/Bradley B. Banias
BRADLEY B. BANIAS
Attorney
Wasden Banias, LLC
1037 Chuck Dawley Boulevard, Suite D100
Mount Pleasant, South Carolina 29464
11585bb
SC Bar No. 76653
P: 843.410.9340
Email: brad@wasdenlaw.com

*Appearing Pro Hac Vice*

ANDRES LOPEZ
The Lopez Law Firm, PLLC
5701 Executive Center Drive, Suite 102
Charlotte, North Carolina 28212
P: 704.568.9228
F: 704.568.9449
Email: alopez@lopezcarolinas.com

Attorneys for Plaintiff