UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-748-RJC-DSC

| | |
|---|---|
| FELIPE PEREZ PEREZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>LEON RODRIGUEZ, )<br>*Director, United States Citizenship* )<br>*and Immigration Services*, )<br>)<br>Defendant. )<br>_____) | <u>ORDER</u> |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Enforce the Judgment, (Doc. No. 34), Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), (Doc. No. 35), the government's Responses in Opposition, (Docs. Nos. 37–38), and Plaintiff's Reply, (Doc. No. 39).

I.  BACKGROUND

Plaintiff is a national from Guatemala. (Doc. No. 1 ¶1, 6). In January, 2014, at the age of 16, Plaintiff sought refuge from his allegedly abusive parents in Guatemala by attempting to cross the United States border alone. (Id. ¶7). Upon being arrested by United States Customs and Border Protection agents, (Id. ¶8), Plaintiff was held in civil detention and later transferred to North Carolina. (Id. ¶ 10–11). There, Plaintiff appeared before the General Court of Justice for Mecklenburg County, which awarded Plaintiff's older brother, Mateo Perez,

1

temporary emergency custody of him on June 29, 2015. (Doc. No. 12: Administrative Record ("A.R.") at 110–13). This *ex parte* temporary custody order lasted only until a full hearing could be held on July 22, 2015. (Id. at 113).

Two weeks prior to the hearing date established by the juvenile court, Plaintiff turned 18, the North Carolina age of majority, and thereafter fell outside of that court's jurisdiction. (Doc. No. 14 at 2). The July hearing never occurred. Plaintiff's permanent custody status was left unresolved.

Prior to turning 18, and while under the temporary custody order, Plaintiff filed an application for special immigrant juvenile immigration ("SIJ") status. (Doc. No. 1 ¶14). This status required certain findings made by state juvenile courts. 8 U.S.C.A. § 1101(a)(27)(J); 8 C.F.R. § 204.11. On July 31, 2015, the United States Citizenship and Immigration Services ("USCIS") issued a notice of intent to deny Plaintiff's application. (A.R. 76). To support its decision, USCIS emphasized that the temporary custody order was not permanent:

> The Order Granting Ex Parte Temporary Custody is expressly temporary in nature and does not make a finding that reunification with one or both parents is permanently not viable. The order submitted specifically states that the terms of the order remain in effect until the next court date of July 22, 2015. The petitioner did not submit any subsequent court orders or any other evidence of additional custody determinations made by the juvenile court as evidence that the order is a permanent finding. Additionally, the court order does not make specific factual findings to support the statement that it is not in the best interest of the petitioner to be returned to Guatemala.

(A.R. 77).

2

In response, Plaintiff sought and received a *nunc pro tunc* order from the state court that granted his temporary custody order. USCIS denied Plaintiff SIJ status, stating that the *nunc pro tunc* order "does not overcome the fact that the custody order submitted is expressly temporary in nature and therefore does not make the finding that reunification with one or both parents is permanently not viable." (A.R. 62). After USCIS denied his application, Plaintiff appealed to the Administrative Appeals Office ("AAO"), which affirmed the findings and reasoning of USCIS. (A.R. 5–6). AAO concluded that, due to the lack of a permanent custody order, the proceedings and their findings lacked finality. (A.R. 5).

On October 28, 2016, Plaintiff filed his Complaint seeking judicial review of the United States Citizenship and Immigration Services' ("USCIS") declination of his application for special immigration juvenile ("SIJ") status. (Doc. No. 1.) On April 4, 2017, Plaintiff filed his motion to set aside USCIS's final action, (Doc. No. 14), and on May 5, 2017, Defendant filed its motion for summary judgment, (Doc. No. 16).

On March 7, 2018, the Court denied Plaintiff's motion to set aside USCIS's final action and granted Defendant's motion for summary judgment. (Doc. No. 21.) The Court determined that deference was owed to the government's interpretation of its regulation, and that analogous case law aligned with the same outcome. (Id. at 7–9). Plaintiff appealed, and on January 29, 2019, a three-judge panel affirmed the Court's order by a split decision. Perez v. Cissna, 914 F.3d 846 (4th Cir. 2019).

Plaintiff sought rehearing *en banc*, whereupon a majority of the Fourth Circuit Court of Appeals judges in active service voted to grant Plaintiff's petition. (Doc. No.

28.) On February 10, 2020, the Fourth Circuit Court of Appeals issued its *en banc* decision reversing the judgment of this Court and remanding with instructions to grant Plaintiff's motion to set aside USCIS's final action denying him SIJ status. (Doc. No. 29.) Nine judges joined the majority while six judges dissented. (Id.). The majority found that the government's interpretation did not qualify for Chevron deference, was not backed by sufficient expertise or careful evaluation as to be persuasive, and defied the plain statutory language. (Id. at 21–25). The formal mandate was issued on April 3, 2020. (Doc. No. 31.)

This Court then granted Plaintiff's motion on April 29, 2020, and remanded the case to the USCIS for reconsideration of Plaintiff's application for SIJ status. (Doc. No. 32.) On August 7, 2020, Plaintiff filed a Motion to Enforce the Judgement as well as a Motion for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Docs. Nos. 34, 35). On August 19, 2020, the USCIS issued its decision reopening the prior proceedings, withdrawing its prior decision, and sustaining Plaintiff's appeal. (Doc. No. 36-1 at 2). Defendant then filed its opposition to Plaintiff's motions, (Docs. Nos. 37, 38), and Plaintiff filed his reply, (Doc. No. 39). Plaintiff's motions are ripe for review.

## II. DISCUSSION

### A. Plaintiff's Motion to Enforce the Judgment

Plaintiff filed his Motion to Enforce the Judgment on August 7, 2020, after the case had been remanded to USCIS but prior to USCIS issuing a ruling upon reconsideration. (Doc. No. 34). The motion requested that the Court order USCIS

4

to set aside USCIS's final action and to reconsider Plaintiff's application for SIJ status. (Id.). However, less than two weeks later, USCIS issued a ruling sustaining Plaintiff's appeal, setting aside USCIS's prior final action, and consenting to Plaintiff's SIJ classification upon reconsideration. (Doc. No. 36-1). Defendant has performed the action Plaintiff sought in its Motion to Enforce, and therefore the Court will deny the motion as moot.

B.   Plaintiff's Motion for Attorney's Fees under the EAJA

Plaintiff seeks $86,535.42 in attorney's fees pursuant to the EAJA. (Doc. No. 35). Plaintiff argues that the motion is proper in this Court, that the motion is timely, that Plaintiff is the prevailing party, and that the government's position was substantially unjustified. (Id. at 4–8.) As to this last point, Plaintiff argues first that the government's primary argument mis-read its own decision and argued that the permanency (or lack thereof) was not the basis for its denial of SIJ status to Plaintiff. (Id. at 7). Next, Plaintiff argues that the government was legally wrong by ignoring Ojo v. Lynch, 813 F.3d 533 (4th Cir. 2016). (Id.). On the whole, Plaintiff argues that the government defied the plain language of the SIJ provision, and was therefore substantially unjustified. (Id. at 8).

In response, the government argues that USCIS reasonably believed at the time of litigation that a juvenile court relying on North Carolina's emergency temporary and protective custody jurisdictional provisions did not meet the eligibility requirements of the SIJ statute. (Doc. No. 38 at 7). Plaintiff points in particular to its reliance on Reyes v. Cissna, 737 Fed.Appx. 140 (4th Cir. 2018),

5

which it argued contains similar facts and in which USCIS's refusal to grant SIJ status was upheld by the Fourth Circuit. (Id. at 7–8).

The EAJA provides that the prevailing party in a civil action against the United States is entitled to attorneys' fees when the United States' position was not substantially justified and there are no special circumstances making an award unjust. 28 U.S.C. § 2412(d)(1)(A). In such circumstances, the government has the burden of showing that its position was substantially justified. United States v. 515 Granby, LLC, 736 F.3d 309, 315 (4th Cir. 2013). Substantial justification does not require the government's position to be correct, but such a position may be substantially justified if a reasonable person could think it correct. See Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988). A claim for attorneys' fees may be defeated by the government by showing that its position had a reasonable basis in both law and fact. Id. at 565–66.

To determine whether the government's position in a case was substantially justified, the Court must "look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). In making this determination, "it is appropriate to consider the reasonable overall objectives of the [Commissioner] and the extent to which [her position] departed from them. Id.

Plaintiff is the prevailing party in this litigation, placing the burden on the government to show that its position was substantially justified. The government

has met that burden. Although the government did not ultimately win this case, it presented an argument based on an interpretation of the statute and relevant case law that ultimately persuaded this Court, the majority of a Fourth Circuit panel, and six Fourth Circuit judges sitting *en banc*. As noted by the dissent, this case contained "remarkable similarities" to the Reyes case upon which the government relied, and in which the Fourth Circuit upheld the denial of SIJ status. Perez v. Cuccinelli, 949 F.3d 865, 891 n.5 (4th Cir. 2020) (Quattlebaum, J., dissenting). In Reyes the Fourth Circuit found that the government did not act in an arbitrary and capricious manner by requiring a permanent custody order before granting relief, and the majority here similarly did not find that the government behaved arbitrarily or capriciously. Indeed, as the dissent notes, although the government lost this case, its position in this case was "reasonable. It was based on the terms of the order and consistent with North Carolina appellate decisions on the legal effect of such orders. Further, both the Agency and the AAO explained their reasoning in the decisions." Perez, 949 F.3d at 889 (Quattlebaum, J., dissenting).

Looking at the government's actions holistically, it appears to this Court as though the government relied upon its reasonable understanding of relevant precedent in requiring a permanent custody order and denying SIJ status given the information it had available at the time. The narrow question raised by the case had not been directly decided by this Circuit, and arguments made by both sides were legally and factually substantial, as evidenced by divisions in both the Fourth Circuit panel and the Fourth Circuit's *en banc* opinion. "In this case of first

impression, the Government made reasonable arguments based on statutory interpretation and analogous cases." Cody v. Caterisano, 631 F.3d 136, 144 (4th Cir. 2011).

The Court finds that the government's position in this litigation was substantially justified. Therefore, the Court will deny Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Enforce the Judgment, (Doc. No. 34), is **DENIED as moot;**

2. Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act, (Doc. No. 35), is **DENIED**; and

3. The Clerk is ordered to close the case.

Signed: March 26, 2021

Robert J. Conrad, Jr.
United States District Judge